UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ERVIN GUIDRY and LINDA GUIDRY**                                    **PLAINTIFFS**

V.                                              CIVIL ACTION NO.1:07CV036 LTS-RHW

**LEXINGTON INSURANCE COMPANY;**
**THIGPEN INSURANCE AGENCY, INC.;**
**AMFED COMPANIES, LLC; and**
**HANCOCK MORTGAGE CORPORATION**                    **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it the motion [7] of the plaintiffs to remand this action to the Circuit Court of Pearl River County, Mississippi, and the motion [12] of Defendant Thigpen Insurance Agency, Inc. (Thigpen) to dismiss the complaint. Defendant AmFed LLC (AmFed) has raised in its answer [7] as its first defense the failure of the plaintiffs' complaint to state a cause of action against AmFed.

Plaintiffs are the named insureds under a homeowners insurance policy (policy number LE-6754640-01) issued by Lexington Insurance Company (Lexington). Defendant AmFed Companies, LLC (AmFed) is identified on the declarations page of the policy as a "Broker," and Defendant Thigpen Insurance Agency, Inc. (Thigpen) is listed as a "Sub Broker." Defendant Hancock Mortgage Company (Hancock) is identified as a mortgagee of the insured property.

The Complaint indicates that the plaintiffs have named Hancock as a party defendant solely because of its status as the mortgagee of the insured property, and the plaintiffs have indicated that they seek no relief for any wrong committed by Hancock. In these circumstances, Hancock's interests are aligned with those of the plaintiffs, and Hancock will be realigned as a plaintiff to reflect that reality.

This action was filed in the Circuit Court of Pearl River County. The case was removed on the grounds that the two non-diverse defendants ( and who are properly aligned as defendants), Thigpen and AmFed, have been misjoined or fraudulently joined as defendants. Plaintiffs are seeking to have this case remanded on the grounds that this Court lacks subject matter jurisdiction under 28 U.S.C. §1332. Plaintiffs must prevail on this motion if they have alleged sufficient facts to support a valid theory of recovery against Thigpen or AmFed.

In making the determination whether the plaintiffs have stated a valid cause of action against the non-diverse parties, I must apply a very liberal standard. I must accept all of the allegations of the complaint as true; I must grant the plaintiffs all reasonable inferences in support of their claims; and I must resolve all doubtful issues of law in favor of the plaintiffs. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981); *See Dodson v. Spiliada Maritime Corp*. 951 F.2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000). Even under these liberal standards, this is a close call, but one that must go to the plaintiffs.

I have carefully read the Complaint, and it is evident that the only dispute in this case is an issue of coverage for the plaintiffs' property damage sustained during Hurricane Katrina. Lexington is solely responsible for the performance of this insurance contract. Both Thigpen and AmFed, as brokers, were acting as the agents for a disclosed principal, Lexington, in connection with this contract. Neither Thigpen nor AmFed is a party to the insurance contract, and the alleged breach of the insurance contract is the sole cause of action alleged in the state court complaint. The complaint does not allege any actionable misconduct by Thigpen or by AmFed.

Even under the very liberal standard I am obliged to apply in evaluating the merits of the plaintiffs' complaints against Thigpen and AmFed, I find that the plaintiffs have not alleged any actions on the part of these non-diverse defendants sufficient to state valid cause of action. Plaintiffs have given no indication that the allegations of the complaint would be different if they were afforded an opportunity to amend their complaint, but, in the event the plaintiffs do wish to seek leave to file an amendment, I will allow a period of thirty days for the plaintiffs to file a motion seeking that relief.

Accordingly, I will grant Thigpen's Motion [12] To Dismiss the complaint and I will also dismiss the complaint as to AmFed without prejudice to the right of the plaintiffs to seek leave to amend the complaint to state a cause of action against the non-diverse parties if they have grounds to do so. If the plaintiffs wish to obtain leave to amend their complaint, their motion seeking leave to amend the complaint must be filed within thirty days of the date of this opinion and order. I will deny the motion [7] of the plaintiffs to remand. An appropriate order will be entered.

**DECIDED** this 22nd day of May, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE